UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERRY MONSKY, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>DIRECT DIGITAL HOLDINGS, INC., MARK WALKER, KEITH W. SMITH, DIANA DIAZ, and DIRECT DIGITAL MANAGEMENT, LLC,<br><br>　　　　　　　　　　　　Defendants. | Case No. 4:24-cv-01940<br>(Consolidated with Case No. 4:24-cv-02567)<br><br>Judge Kenneth M. Hoyt |

**LEAD PLAINTIFF'S SUR-REPLY TO DEFENDANTS'
REPLY IN SUPPORT OF MOTION TO DISMISS**

Lead Plaintiff Donald W. Hutchings ("Plaintiff") responds to Defendants' Reply in Support of Motion to Dismiss Plaintiff's Consolidated Complaint (ECF 46) ("Reply Brief") as follows.

**March 5, 2025 *Colossus v. Adalytics* Motion to Dismiss Opinion**

In their Reply Brief, Defendants cite a recent opinion in their own ongoing litigation, *Colossus Media, LLC v. Adalytics Research, LLC*, 2025 WL 712986, at *6–*11 (D. Md. Mar. 5, 2025) (ECF 46-3, Appx. E-010-019), to imply that the Maryland court's decision to allow Colossus Media, LLC's ("Colossus") defamation claim to proceed somehow casts doubt on the legitimacy of Plaintiff's claims here. *See* Reply Brief at 1 (stating Plaintiff's allegations "have only grown more dubious in recent months"). But this comparison ignores both the distinct factual context of the present case and the procedural posture of the Maryland court's decision.

To begin, Colossus's allegations in the Maryland litigation do not undermine Plaintiff's allegations here or suggest that Colossus's systematic mis-declaration of user IDs did not occur. The Trade Desk, Google Display & Video 360, three publishers, and Direct Digital itself confirmed it did. *See* Plaintiff's Consolidated Complaint (ECF 35) ("Complaint"), ¶¶68–73, 75. Further, unlike this case, the Maryland lawsuit is premised upon allegations that Adalytics stated Colossus *intentionally* mis-declared user IDs to *fraudulently* sell ads at inflated prices.[1] *See, e.g., Colossus*, 2025 WL 712986, at *4, *6, *10–*11. The Maryland court upheld Colossus's defamation claim based on the allegedly false assertion that Colossus mis-declared user IDs "for the purpose of selling ad space at higher prices to ad buyers seeking to serve advertisements to a

---

[1] Plaintiff does not allege that Colossus's systematic mis-declaration of user IDs was necessarily the result of fraudulent conduct. *See* Complaint, ¶11 ("While not necessarily the result of intentional misconduct by or on behalf of Direct Digital, these serious and known platform issues were having a substantial, ongoing impact on Colossus SSP's operations."); *id.*, ¶73 ("I don't think there is any doubt that there was something going on with the way they were representing identity . . . the debate was between whether they were doing it on purpose.").

targeted audience." *Id.* at \*10–\*11.  The court, however, did not address whether Colossus had in fact systematically mis-declared user IDs in the first place.  *Id.*  Even if it had, the ruling came at the motion to dismiss stage, where the court was required to "accept as true [Colossus's] well-pleaded allegations and draw all reasonable factual inferences in [Colossus's] favor." *Id.* at \*4 (citation omitted).  The court also expressly declined to consider materials outside the pleadings. *Id.* at \*5–\*6.  This Court should do the same and reject Defendants' misguided argument based upon a very different ruling in another case.

***April 11, 2025 Media Rating Council Statement***

Defendants also attack the validity of Plaintiff's allegations by citing to an April 11, 2025 statement from the Media Rating Council, Inc. ("MRC") entitled "MRC IVT Requirements and Processes for Pre-Bid – Comments on the Recent Adalytics Blog." Reply Brief at 1; ECF 46-2, at 1 of 28; Appx. D-001-011.  But the "[r]ecent Adalytics [b]log" post addressed in this MRC statement is not the May 10, 2024 Adalytics post concerning Colossus described in Plaintiff's Complaint or at issue in *Colossus v. Adalytics*.  *Compare* Complaint, ¶¶17, 85 and *Colossus Media*, 2025 WL 712986, at \*2 *to* MRC statement (ECF 46-2, at 1 of 28; Appx. D-001-011).  The MRC's apparent contention that a different Adalytics' blog post may have been "incomplete" or "may lead a reader to imply issues that were not confirmed directly" (Reply Brief at 1) has no bearing on Plaintiff's allegations of Colossus's systematic mis-declaration of user IDs, which again have been corroborated by numerous sources.  *See* Complaint, ¶¶68–73, 75.  In any event, because the MRC statement is outside of the complaint and is not a "source[] whose accuracy cannot reasonably be questioned," the Court may not properly consider it on a motion to dismiss.  Fed. R. Evid. 201(b)(2); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (generally, court "may not consider new factual allegations made outside the complaint").

DATED: April 23, 2025         JOHNSON FISTEL, PLLP

/s/ *Michael I. Fistel, Jr.*
Michael I. Fistel, Jr.
*Attorney-In-Charge*
Murray House
40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (770) 200-310
michaelf@johnsonfistel.com

JOHNSON FISTEL, PLLP
Jeffrey A. Berens
2373 Central Park Boulevard, Suite 100
Denver, CO 80238-2300
Telephone: (303) 861-1764
jeffb@johnsonfistel.com

SPONSEL MILLER PLLC
Thane Tyler Sponsel III (Texas SBN 24056361)
Federal ID No. 690068
520 Post Oak Blvd.
Houston, TX 77027
Telephone: (713) 892-5400
sponsel@smglawgroup.com

***Plaintiff's Counsel***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on April 23, 2025.

*/s/ Michael I. Fistel, Jr.*
MICHAEL I. FISTEL, JR.