# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERRY MONSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT DIGITAL HOLDINGS, INC., MARK WALKER, KEITH W. SMITH, DIANA DIAZ, and DIRECT DIGITAL MANAGEMENT, LLC,<br><br>Defendants. | Case No. 4:24-cv-01940<br>(consolidated with Case No. 4:24-cv-02567) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUR-REPLY REGARDING DEFENDANTS' MOTION TO DISMISS <u>PLAINTIFF'S CONSOLIDATED COMPLAINT</u>**

Plaintiff's Sur-reply regarding Defendants' Motion to Dismiss indicates that he is rightly concerned with the holes that continue to appear in the purported factual bases for his Consolidated Complaint ("CC"). The Sur-reply disclaims as irrelevant (1) the Maryland federal district court's decision holding that Direct Digital pleaded a prima facie defamation case against Adalytics for its inflammatory blog post, and (2) the Media Ratings Council, Inc. ("MRC") report criticizing Adalaytics' reporting tactics. But Plaintiff cannot so casually discard the Adalytics post that served as the catalyst for all of its cited news articles (and thus all of its purported factual allegations).

First, Defendants' point is not that the Court needs to (or should) engage in a fact-bound determination of the highly technical issues presented in the Adalytics post, Maryland defamation action, or MRC report at the motion-to-dismiss stage. *Contra* Sur-reply at 2. The point is that the Private Securities Litigation Reform Act ("PSLRA") and its requirement that securities complaints rely on adequate factual sources requires courts to discount sources that "afford no basis for

1

drawing plausible competing inferences." *Indiana Elec. Workers' Pension Tr. Fund IBEW v. Shaw Group, Inc.*, 537 F.3d 527, 535 (5th Cir. 2008). Just as allegations derived from confidential witnesses[1] or notoriously untrustworthy short-seller reports[2] are discounted, a blog written by a company with facially dubious motives, whose tactics have been criticized by a neutral third party agency and an independent cybersecurity and ad fraud researcher, and whose behavior has given risen to a cognizable defamation claim related to the allegations *in this case* should be steeply discounted, if considered at all. MTD at 5-6; Reply at 1; 6/3/24 Admonsters Article, https://www.admonsters.com/is-the-colossus-ssp-pile-on-deserved/ (summarizing findings of Dr. Augustine Fou criticizing Adalytics's supposed reporting).

Second, the allegations that Trade Desk identified (but never communicated to Defendants) unspecified "issues" with Colossus in early 2023, CC ¶68, or that Google "identified sources of invalid traffic" in late 2023 that were "rectified and Colossus was reinstated," CC ¶ 71-72, do not "confirm[]" the CC's allegation regarding "Colossus's *systematic* mis-declaration of user IDs" (much less that such issues extended into mid-2024). Sur-reply at 1 (emphasis added). That allegation comes *only* from the Adalytics post (before being regurgitated in news articles), so Plaintiff cannot simultaneously backtrack from relying on the Adalytics post while asking the Court to credit the very allegations that derive from that post. CC ¶ 17.

---

[1] *See, e.g.*, *Izadjoo v. Helix Energy Sols. Group, Inc.*, 237 F. Supp. 3d 492, 510 (S.D. Tex. 2017) ("Allegations from anonymous sources are given relatively less weight."); *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 757 (7th Cir. 2007) ("It is hard to see how information from anonymous sources could be deemed 'compelling' or how we could take account of plausible opposing inferences. Perhaps these confidential sources have axes to grind. Perhaps they are lying. Perhaps they don't even exist.").

[2] *See, e.g.*, *In re DraftKings Inc. Sec. Litig.*, 650 F. Supp. 3d 120, 154-55 (S.D.N.Y. 2023) (discounting short seller report because such reports should be "considered with caution" due to financial interest of author and use of "unidentified and unspecified" sources); *Valdes v. Kandi Techs. Grp., Inc.*, 2024 WL 1348697, at *4 (E.D.N.Y. Mar. 29, 2024) (stating that short seller report relied on by the plaintiffs "must be considered with caution" because short sellers have "an economic interest in driving down the company's stock price").

## CONCLUSION

For these reasons, and for those stated in Defendants' Motion to Dismiss and Reply, the Court should dismiss the CC with prejudice.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ Danny David*
    Danny David
      *Attorney-In-Charge*
    Texas Bar No. 24028267
    Federal I.D. No. 37808
    Amy Pharr Hefley
    Texas Bar No. 24046046
    Federal I.D. No. 870378
    Anthony J. Lucisano
    Texas Bar No. 24102118
    Federal I.D. No. 3369146
    Frank Mace
    Texas Bar No. 24110609
    Federal I.D. No. 3385915
    Claire M. Mahoney
    Texas Bar No. 24132497
    Federal I.D. No. 3885858
    910 Louisiana Street
    Houston, Texas 77002
    (713) 229-4055
    (713) 229-2855 (Fax)
    danny.david@bakerbotts.com
    amy.hefley@bakerbotts.com
    anthony.lucisano@bakerbotts.com
    frank.mace@bakerbotts.com
    claire.mahoney@bakerbotts.com

**ATTORNEYS FOR DEFENDANTS DIRECT DIGITAL HOLDINGS, INC., MARK D. WALKER, DIANA P. DIAZ, KEITH W. SMITH, AND DIRECT DIGITAL MANAGEMENT, LLC**

4

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served via ECF and/or electronic mail on all counsel of record on this 14th day of May, 2025.

                                        */s/ Amy Pharr Hefley*
                                        Amy Pharr Hefley